IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.: 7:19-cv-00039 |
| ) | |
| TERRY L. DIGBY, OCWEN LOAN ) | |
| SERVICING, LLC, SECURITY BUSINESS ) | |
| CAPITAL, LLC, F/K/A VENTURE ) | |
| FINANCE, INC., TEXAS BANK, ) | |
| GREENWOOD TRUST CO., and R.E. JANES ) | |
| GRAVEL, CO., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## UNITED STATES' COMPLAINT

Plaintiff, United States of America, pursuant to 26 U.S.C., Sections 7401 and 7403, at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this complaint against Defendant Terry L. Digby ("Digby"), seeking: (1) a judgment against Defendant Digby in the amount of his unpaid federal tax liabilities, and (2) enforcement of federal tax liens through foreclosure against, and sale of, certain property located in Ector County, Texas owned by Defendant Digby.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a) and 7403(c) and 28 U.S.C. §§ 1340, and 1345.

2. Venue lies with this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because taxpayer Terry L. Digby resides, and the real property that is the subject of this action is located, in Ector County, Texas.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Digby is the taxpayer owing taxes to the United States. He resides in Odessa, Texas, which is within the jurisdiction of this court.

5. Defendant Digby is the taxpayer in this action and can be served at his residence located in Odessa, Texas.

6. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may hold a mortgage lien on the real property at issue. Ocwen may be served by serving its registered agent, Corporate Service Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant Security Business Capital, LLC, which was formerly known as Venture Finance, Inc. ("Security") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it purportedly holds a judgment against Defendant Digby and may claim an interest in the real property at issue. Security may be served by serving its registered agent, James C. Thomas at 600 N. Marienfeld, Suite 100, Midland, Texas 79701.

8. Defendant Texas Bank is named as a defendant, pursuant to 26 U.S.C. § 7403(b) because it purportedly holds a judgment against Defendant Digby and may claim an interest in the real property at issue. Defendant Texas Bank may be served by serving its registered agent, Paul D. Morris at 1120 US Highway 79N, Henderson, Texas 75652.

9. Defendant Greenwood Trust Co. ("Greenwood") is named as a defendant, pursuant to 26 U.S.C. § 7403(b) because it purportedly holds a judgment against Defendant Digby and may claim an interest in the real property at issue. Greenwood may be served by serving its registered agent, Riecke Baumann at 1601 Westheimer, Houston, Texas 77006.

10.     Defendant R.E. Janes Gravel, Co. ("Gravel") is named as a defendant, pursuant to 26 U.S.C. § 7403(b) because it purportedly holds a judgment against Defendant Digby and may claim an interest in the real property at issue. Gravel may be served by serving its registered agent, Kyle Gayler at 4021 84th Street, Suite 200, Lubbock, Texas 79423.

### COUNT I (JUDGMENT FOR TAX LIABILITY)

11.     A delegate of the Secretary of the Treasury made timely assessments against Defendant Digby for the taxes and penalties shown below, which after adjustments for statutory interest accruals, penalty accruals, other statutory amounts, abatements, payments and credits resulted in the following unpaid liabilities as of November 26, 2018:

| Tax Year | Date of Assessment | Income Tax | Penalties and Interest (as of 11/26/18) | TOTAL AS OF 11/26/18 |
|---|---|---|---|---|
| 2006 | 03/02/2009 | $115,216.17 | $5,848.94 | $121,065.11 |
| 2007 | 03/02/2009 | $24,671.16 | $1,252.76 | $25,923.92 |
| 2008 | 03/02/2009 | $12,217.12 | $618.11 | $12,835.23 |
| **GRAND TOTAL** | | | | **$159,824.26** |

12.     These liabilities are based on Defendant Digby's voluntarily filed tax returns.

13.     On January 19, 2010, Defendant Digby filed a voluntary Chapter 7 petition with the United States Bankruptcy Court for the Western District of Texas. (Case No. 10-70024-CAG). Defendant Digby received a discharge on May 17, 2010. Pursuant to 11 U.S.C. §§ 523(a)(1)(A), and 507(a)(8)(A)(i), Defendant Digby's federal tax debts for tax periods 2006 through 2008 were not discharged, and therefore the United States may still obtain a judgment of personal liability for the underlying federal tax liabilities against him for tax years 2006, 2007, and 2008.

14.     Despite having been given proper notice and demand for payment of the assessments shown in paragraph 11 above, Defendant Digby has not paid the amounts due. Therefore,

pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Defendant Digby is liable and indebted to the United States for $159,824.26 as of November 26, 2018, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### COUNT II (ENFORCEMENT OF TAX LIEN)

15. At the time of each of the above described assessments, a federal tax lien arose pursuant to 26 U.S.C. § 6321 and attached to all property or rights to property then owned, or thereafter acquired, by Defendant Digby.

16. Defendant Digby is the owner of certain real property located at Shafter Avenue, Odessa, Texas 79761 ("the Shafter Property"), more specifically described as:

> Lot 15, Block 147, Crescent Park Addition, 19th Filing, and Addition to the City of Odessa, Ector County, Texas, as shown by map of plat of record in volume 10, Page 37, Plat records of Ector County, Texas, Save and Except all oil, gas, and other minerals, in, on, and under said land.

17. On information and belief Shafter Property is Defendant Digby's homestead.

18. The United States also recorded a Notice of Federal Tax Lien against Defendant Digby with respect to the above described assessments in the real property records of Ector County, Texas, on July 6, 2009. This federal tax lien attaches to the Shafter Property.

19. Ocwen may hold a mortgage lien on the Shafter Property. Ocwen's lien on the Shafter Property may take priority over the United States' federal tax liens.

20. Defendants Security, Texas Bank, Greenwood, and Gravel may attempt to claim an interest in the Shafter Property, but their liens do not attach to the Shafter Property because they each hold judgment creditor liens that do not attach to homestead property. *Wilcox v. Marriott*, 103 S.W.3d 469, 473 (Tex.App.—San Antonio 2013, *pet. denied*)

As the tax liabilities owed by Defendant Digby remain unpaid, the United States is entitled pursuant to 26 U.S.C. § 7403 to a judgment enforcing its federal tax liens through foreclosure of those liens against Defendant Digby's interest in the Shafter Property described in paragraph 16 above. Additionally, the Shafter Property should be ordered sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action with the proceeds of the sale being paid first to the costs of the sale and then to the parties in the order of their priority of interest in the property.

## **PRAYER**

WHEREFORE, plaintiff, United States of America, requests that this Court:

a) Enter judgment in favor of the United States and against Defendant Digby for federal income taxes for the years 2006, 2007, and 2008, in the amount of $159,824.26, as of November 26, 2018, plus prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

b) Determine that the United States has valid and subsisting federal tax liens that arose with the assessments described in paragraph 11, above, and attached to all of the property and rights to property of defendant Digby, including his interest in the real property described in paragraph 16above;

c) Determine the priority of the interests of the parties in the real property described in paragraph 16 above;

d) Order that the United States' federal tax liens be foreclosed upon the real property described in paragraph 16 above, that the property be sold free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, and that the net proceeds of the sale be distributed to the parties in the order of their priority of interest in the property;

e)  Order that, if the amounts distributed to the United States from the net proceeds of the sale of the real property described in paragraph 16 above are insufficient to satisfy fully the above-described tax liabilities, the United States have judgment for the deficiency against Defendant Digby; and

f)  Award the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

JOHN F. BASH
United States Attorney

/s/ Moha P. Yepuri
MOHA P. YEPURI
Texas State Bar No. 24046651
Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9767
(214) 880-9741 (FAX)
Moha.P.Yepuri@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

Case 7:19-cv-00039 Document 1-1 Filed 02/11/19 Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.